USDC IN/ND case 4:23-cv-00062-JTM-APR   document 4   filed 05/16/23   page 1 of 7

79C01-2305-CT-000093
Tippecanoe Circuit Court

Filed: 5/16/2023 10:01 AM
Clerk
Tippecanoe County, Indiana

| STATE OF INDIANA | ) | TIPPECANOE SUPERIOR/CIRCUIT COURTS |
| --- | --- | --- |
|  | ) SS: |  |
| COUNTY OF TIPPECANOE | ) | CAUSE NO. |

STEPHEN KEYS,                                    )
                                                 )
    Plaintiff,                                )
                                                 )
    vs.                                      )
                                                 )
TEMPLE VARNADO,                                  )
D & T TRANSPORTATION LLC,                        )
And HASTINGS MUTUAL INSURANCE CO.,               )
                                                 )
    Defendants.                              )

## COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL

Comes now Plaintiff, Stephen Keys ("Stephen Keys" or "Plaintiff"), by counsel, Amy Lenceski, and in support of his Complaint for Damages and Request for Jury Trial against Defendants, Temple Varnado ("Temple Varnado"), D & T Transportation LLC ("Defendant D & T"), and Hastings Mutual Insurance Company ("Defendant Hastings"), states the following:

1. At all times relevant herein and now, Stephen Keys was a resident of the City of Dayton, County of Tippecanoe, State of Indiana.

2. At all times relevant herein and now, Defendant Temple Varnado was a resident of the City of Houston, State of Texas.

3. At all times relevant herein and now, Defendant D & T was a business entity domiciled in the State of Texas, with a principal business address of 11031 Knobbley Oaks Court, Houston, Texas, 77065, and with the designated Registered Agent David Jones.

4. At all times relevant herein and now, Defendant Hastings, was a business entity domiciled in Michigan and doing business in Indiana, with a principal business address of 404 East Woodlawn Avenue, Hastings, Michigan, 49058, and with the designated Registered Agent

Michael W. Puerner.

5. The motor vehicle crash ("the crash") giving rise to this cause of action occurred on or about January 20, 2022, on Veterans Memorial Parkway, and near State Road 38 East, in the City of Lafayette, County of Tippecanoe, State of Indiana.

6. On the date and at the place set out above, Defendant Varnado drove a truck and trailer owned by Defendant D & T in such a negligent manner so as to crash into Plaintiff's vehicle ("the crash").

7. As a direct and proximate result of the crash, Plaintiff suffered severe bodily injuries, endured pain and suffering, permanent injuries, and property damage.

## **COUNT 1: NEGLIGENCE**

8. Plaintiff adopts and reiterates each and every allegation in the preceding paragraphs as if set out fully herein and incorporates the same by reference.

9. On or about January 20, 2022, Temple Varnado was negligent or grossly negligent in the operation of his truck and trailer, including but not limited to one or more of the following acts and/or omissions;

   a. By failing to stop at the steady red traffic signal for northbound traffic at the subject intersection;
   b. By failing to yield the right-of-way;
   c. By failing to observe the maximum speed limit in the area of the subject crash;
   d. By failing to drive at a speed that is reasonable and prudent for the lighting and time of day of the subject crash;
   e. By failing to reduce speed when approaching an intersection;
   f. By failing to give audible warning with the horn of her vehicle;
   g. By failing to maintain a safe driving distance between her motor vehicle and other motor vehicles;
   h. By operating her motor vehicle while distracted;
   i. By operating her motor vehicle without looking at the roadway ahead of her motor vehicle.
   j. By failing to use reasonable care in the operation of her motor vehicle;
   k. By failing to keep and maintain proper control over her motor vehicle;
   l. By failing to keep a proper lookout for other motorists on the roadway around

       and in front of her motor vehicle;
m. By failing to break or take other actions to avoid crashing into other vehicles;
n. By failing to obey the traffic ordinances of Tippecanoe County, the statutes regulating motor vehicle operation in the State of Indiana, and common law rules pertaining to motor vehicle and truck and trailer operation; and
o. By fleeing the scene of an accident.

10. As a direct and proximate result of the negligence of Defendant Varnado, in driving a vehicle owned by herself and Defendant D & T, Plaintiff was caused to suffer serious bodily injuries, as well as, pain, suffering, mental anguish, property damage, and inconvenience, and will continue to suffer pain, suffering, mental anguish, and inconvenience in the future.

11. As a direct and proximate result of the negligence of Defendant Varnado, in driving a vehicle owned by herself and Defendant D & T, Plaintiff has incurred, and will continue to incur in the future, medical expenses, and physician expenses.

12. As a direct and proximate result of the negligence of Defendant Varnado, in driving a vehicle owned by herself and Defendant D & T, Plaintiff has suffered lost wages, as well as a permanent impairment of his ability to earn money in the future.

13. As a direct and proximate result of the negligence of Defendant Varnado in driving a vehicle owned by herself and Defendant D & T, Plaintiff has suffered property damage.

## COUNT 2: RESPONDEAT SUPERIOR

14. Plaintiff adopts and reiterates each and every allegation in the preceding paragraphs as if set out fully herein and incorporates the same by reference.

15. At the time of the incident complained of herein, Defendant Varnado was an employee, agent, servant, and/or representative of Defendant D & T, and on the date and at the time complained of herein, Defendant Varnado, was acting within the course and scope of her employment or agency and/or as a representative of Defendant D & T.

16. Based upon the employee-employer, master-servant, agency, and/or representative

relationship, which existed between Defendant Varnado and Defendant D & T at the time of the incident complained of herein, Defendant D & T is jointly and severally liable for the negligence of Defendant Varnado.

## COUNT 3: NEGLIGENT HIRING AND RETENTION

17.  Plaintiff adopts and reiterates each and every allegation in preceding paragraphs as if set out fully herein and incorporates the same by reference.

18.  Defendant D & T knew or should have known, through the use of ordinary care when it hired Defendant Varnado, that Defendant Varnado was negligent and careless in the operation of her truck and trailer.

19.  Defendant D & T upon the use of ordinary care in determining that Defendant Varnado was a negligent and/or careless driver, was negligent in retaining Defendant Varnado as an employee and allowing said employee to continue to use its motor vehicle in such a negligent manner so as to cause Plaintiff to suffer bodily injuries.

20.  As a direct and proximate result of the negligence of Defendant D & T in hiring and/or retaining Defendant Varnado, Plaintiff was caused to suffer property damage and serious bodily injuries, and because of the bodily injuries sustained by the Plaintiff, Plaintiff has sustained severe and permanent injury, has incurred and will continue to incur medical bills and expenses, has suffered and will continue to suffer pain, suffering, mental anguish, and inconvenience; has incurred lost wages and will continue to lose wages; and has incurred a permanent impairment of his power to labor and earn money.

## COUNT 4: NEGLIGENT SUPERVISION AND TRAINING

21.  Plaintiff adopts and reiterates each and every allegation in preceding paragraphs as if set out fully herein and incorporates the same by reference.

4

22.     Defendant D & T had a duty to ensure that its drivers are properly trained, licensed, and qualified to operate commercial vehicles.

23.     Defendant D & T failed to properly train and/or supervise Defendant Varnado to safely operate the vehicle that she was driving on the aforementioned date.

24.     As a direct and proximate result of the negligence of Defendant D & T in failing to properly train and/or supervise Defendant Varnado, Plaintiff was caused to suffer property damage and serious bodily injuries, and because of the bodily injuries sustained by the Plaintiff, Plaintiff has sustained severe and permanent injury, has incurred and will continue to incur medical bills and expenses, has suffered and will continue to suffer pain, suffering, mental anguish, and inconvenience; has incurred lost wages and will continue to lose wages; and has incurred a permanent impairment of his power to labor and earn money.

## COUNT 5: NEGLIGENT ENTRUSTMENT

25.     On the date of the subject crash, Defendant D & T entrusted Defendant Varnado with the truck and trailer.

26.     Defendant D & T knew or should have known that Defendant Varnado was unqualified and unable to operate the truck and trailer with reasonable and due care.

27.     Defendant D & T failed to exercise reasonable and due care, and caution, before entrusting its motor vehicle to Defendant Varnado.

28.     As a direct and proximate cause of Defendant D & T's negligent acts or omissions, Plaintiff has been severely damaged, as previously stated herein.

## COUNT 6: HASTINGS

29.     Plaintiff hereby reallege and incorporate the preceding paragraphs as if fully restated herein.

5

30. Upon information and belief, Defendant Varnado and/or Defendant D & T were uninsured or underinsured at the time of the crash.

31. On the date of crash, Plaintiff was covered under an insurance policy number 92-2-21864 issued by Defendant Hastings, which provided uninsured motorist and underinsured motorist coverage.

32. Defendant Hastings will be required to provide insurance for Plaintiff's injuries under the uninsured motorist or underinsured motorist coverage should Defendants' insurance be insufficient to fully and fairly compensate Plaintiff's damages and injuries.

33. Plaintiff has complied with all conditions precedent to recovery under the policy, or such conditions have been waived by Hastings.

WHEREFORE, Plaintiff, Stephen Keys, by counsel, respectfully requests Judgment against Defendants, in an amount that will fully and fairly compensate his injuries and damages, including:

a. severe and permanent personal and bodily injuries;
b. pain and suffering;
c. mental anguish;
d. past and future medical bills;
e. past and future hospital bills;
f. lost income;
g. diminished capacity to labor and earn income; and
h. all future injuries and damages;

And for all costs of this action, all allowable pre-judgment and post-judgment interest, and all other relief just and proper in the premises.

Respectfully submitted,

/s/ Amy K. Lenceski
Amy K. Lenceski #31395-29
Isaacs and Isaacs, P.S.C.
1601 Business Center Court
Louisville, Kentucky 40299

6

P: 502-458-1000
Amy@wewin.com
*Attorney for Plaintiff*

## REQUEST FOR TRIAL BY JURY

Comes now Plaintiff, by counsel, and requests that this matter be tried by jury pursuant to Indiana Trial Rule 38.

Respectfully submitted,

/s/ Amy K. Lenceski
Amy K. Lenceski #31395-29
Isaacs and Isaacs, P.S.C.
1601 Business Center Court
Louisville, Kentucky 40299
P: 502-458-1000
Amy@wewin.com
*Attorney for Plaintiff*